SUSAN F. BIRDSONG, plaintiff in error, *vs.* JOHN S. WOOD-
WARD, for use, defendant in error.

(BLECKLEY, Judge, having been of counsel, did not preside.)

The provision in the constitution of 1868, giving the judge power to render
judgment without the intervention of a jury, where no issuable defense is
filed on oath, is not retroactive. Therefore, an appeal having been entered
prior to the adoption of such constitution, it was error for the court to ren-
der judgment against the principal and security without submitting the
case to a jury.

Judgments. Evidence. Constitutional law. Before Judge
WRIGHT. Upson Superior Court. November Term, 1875.

Reported in the decision.

POE, HALL & LOFTON; RUTHERFORD & RUTHERFORD;
W. S. WALLACE; S. HALL, for plaintiff in error.

W. A. HAWKINS; SPEER & STEWART; PEEPLES & HOW-
ELL, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which, the jury, un-
der the charge of the court, found the property subject to the
execution levied thereon. A motion was made for a new trial
on the several grounds alleged therein, which was overruled
by the court and the claimant excepted.

It appears from the record and bill of exceptions, that on
the trial of the case, the plaintiff offered in evidence a judg-
ment awarded by Judge Buchanan in an appeal case, which
had been entered prior to the adoption of the constitution of
1868, and a *fi. fa.* issued thereon, which had been levied on
the property claimed, against N. F. Walker, and James P.
Walker, his security on the appeal, it being recited in the
judgment that there was no issuable plea filed on oath. To
the admissibility of this evidence, the claimant objected and
demurred to the same, on the ground that the judgment was

void, not having been entered on the verdict of a jury.  The court overruled the demurrer to the evidence thus offered by the plaintiff, and admitted the same to be read to the jury, and that is one of the grounds of error alleged in the motion for a new trial.

The question involved in this assignment of error, was decided during the present term, in the case of *Walker vs. Bivins et al.*, and must control this case.

Let the judgment of the court below be reversed.